999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara GIBB, Plaintiff-Appellant,
v.
Jack KEMP, Secretary of the United States Department of
Housing and Urban Development, Defendant-Appellee.
 No. 92-6004.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1993.
 
 Before NELSON and SUHRHEINRICH, Circuit Judges, and EDMUNDS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals the district court's judgment in favor of defendant in this case brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621-634 and tried without a jury. Finding that the district court's factual findings and legal conclusions were proper, we AFFIRM.
 
 I.
 
 2
 Plaintiff, Barbara Gibb, is 56 years of age and a long-time employee of the federal government. She filed suit against defendant, Department of Housing and Urban Development (HUD), claiming that she was passed over for promotion on fifteen different occasions because of her age. Of the fifteen positions for which plaintiff applied, six were filled by individuals 40 years of age or older, six were filled by individuals between the ages of 30 and 40, and three were filled by individuals between the ages of 23 and 30. All of the positions at issue were filled through HUD's competitive staffing procedure. This procedure commences with a job posting describing the particular position and listing the requisite qualifications and job skills and terminates in a three-step evaluation process.
 
 
 3
 At trial, plaintiff and four other employees or former employees of HUD testified that the supervisors in the Knoxville HUD office worked in concert when filling job vacancies with young, college-educated individuals, and that William McClister, as Senior Branch Chief, either made or strongly influenced the final employment decisions.[1] Plaintiff testified that it was McClister and fellow supervisors John Robbins and Nancy Hall who conspired to deny her the disputed positions. In rebuttal, McClister, Robbins, and Hall each denied the allegations of conspiracy and discrimination and stated that plaintiff did not get hired because she was either unqualified in terms of knowledge or skills or lacking in interpersonal skills.
 
 
 4
 The trial court found as to each claim that plaintiff had established a prima facie case of discrimination, but failed to present sufficient credible evidence to establish that the employer's proffered reasons for its hiring decisions were pretextual. The district court further found that twelve of those claims of discrimination were time-barred.
 
 
 5
 On appeal, plaintiff challenges the district court's findings on six positions, four of which the court found were time-barred.
 
 II.
 
 6
 Stated most broadly, to prevail on a claim under the ADEA, a plaintiff "must prove that age was the determining factor in the employer's decision that was adverse to ... [her]." Hawley v. Dresser Indus., Inc., 958 F.2d 720, 723 (6th Cir.1992). As we have recently noted and reaffirmed, the McDonnell Douglas/Burdine[2] formula is the evidentiary framework applicable to both Title VII and ADEA claims. Mitchell v. Toledo Hospital, 964 F.2d 577, 582 (6th Cir.1992) (citing Laugesen v. Anaconda Co., 510 F.2d 307 (6th Cir.1975)). It sets forth the requirements for creating an inference or presumption of discrimination, a rebuttal of such inference, and a showing of pretext. Under this scheme, the plaintiff bears the burden of proving a prima facie case (i.e., creating a presumption of discrimination), Mitchell, 964 F.2d at 582, which may be accomplished by either of two methods. A plaintiff can establish a prima facie case by showing that (1) she was a member of a protected class; (2) she was not selected for the position at issue; (3) she was qualified for the position; (4) a person outside the protected class was hired for the position. Mitchell, 964 F.2d at 582. Alternatively, a plaintiff may establish a prima facie case by presenting credible, direct evidence of discriminatory intent. Terbovitz v. Fiscal Court of Adair County, 825 F.2d 111 (6th Cir.1987).
 
 
 7
 Once the plaintiff has established a presumption of discrimination, the defendant must rebut the presumption by articulating, clearly and with reasonable specificity, a legitimate, nondiscriminatory reason for its employment decision. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255, 258 (1981); Kraus v. Sobel Corrugated Containers, Inc., 915 F.2d 227, 230 (6th Cir.1990).
 
 
 8
 The burden then shifts back to the plaintiff to prove that the defendant's proffered reason was a pretext for age discrimination. Hawley, 958 F.2d at 724. There are three ways to prove pretext: (1) by showing that the stated reason has no basis in fact; (2) by showing that the reason offered was not the actual reason; (3) by showing that the reason was insufficient to explain the employer's action. Wheeler v. McKinley Enter., 937 F.2d 1158, 1162 (6th Cir.1991). At this point, the burden of showing pretext merges with plaintiff's "ultimate burden of persuading the court that she has been the victim of intentional discrimination." Burdine, 450 U.S. at 256.[3]
 
 A.
 
 9
 Plaintiff first claims that the district court erred in concluding that she failed to prove that defendant's hiring decisions discriminated against her based on her age. Plaintiff argues that the overwhelming weight of the evidence shows that defendant's employment decisions were motivated by age discrimination and that, therefore, she met her burden of establishing that defendant's reasons for refusing to hire her for the disputed HUD job openings were pretextual and that she met her ultimate burden of age discrimination.
 
 
 10
 Under Fed.R.Civ.P. 52(a), findings of fact by the district court shall not be set aside unless they are clearly erroneous, Alexander v. Youngstown Bd. of Educ., 675 F.2d 787, 795-96 (6th Cir.1982), and "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Findings of the district court are not clearly erroneous unless they leave the court with the definite and firm conviction that a mistake has been made. Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 374 (6th Cir.1984).
 
 
 11
 The gist of plaintiff's argument is that defendant's proffered reasons for refusing to promote her are unworthy of belief. It is undisputed that plaintiff introduced evidence tending to show that defendant's reasons were pretextual. The problem with this argument, however, is that defendant offered equalling compelling opposing evidence as to each of six positions challenged on appeal, evidence which the factfinder found persuasive. Because the district court's conclusions as to age discrimination were based largely on credibility determinations, and because there is adequate evidence in the record to support these conclusions, we find no basis for reversal under Rule 52(a).
 
 B.
 
 12
 Plaintiff also claims that the district court erred by concluding that twelve of her fifteen alleged claims of age discrimination were time-barred under the ADEA because she failed to notify EEOC of the alleged incidents of discrimination within 180 days after they occurred, as required under 29 U.S.C. § 633(d).
 
 
 13
 A timely filing under § 633(d) is a prerequisite to filing an ADEA suit, and the failure to timely file is grounds for dismissal, unless the plaintiff can establish a "continuing violation." Haithcock v. Frank, 958 F.2d 671 (6th Cir.1992); Janikowski v. Bendix Corp., 823 F.2d 945, 948 (6th Cir.1987) (ADEA case).
 
 
 14
 Plaintiff correctly states that Bell v. Chesapeake & Ohio Ry. Co., 929 F.2d 220 (6th Cir.1991), upon which the district court relied, represents the legal standard under Michigan law and has no application in a federal discrimination case. Notwithstanding, the record reflects that in addition to citing and applying the Bell standard, the district court also cited and applied Haithcock v. Frank, 958 F.2d 671 (6th Cir.1992), which sets out the appropriate test for continuing violation claims under federal law. Because the district court actually applied the Haithcock standards in reaching its conclusion, its concurrent application of the Bell standard was harmless.
 
 
 15
 Applying Haithcock, the district court concluded that defendant did not maintain a present or systematic discriminatory policy or an informal practice of age discrimination, as evidenced, in part, by the fact that six of the fifteen positions were filled by individuals over the age of 40. Absent some showing of discrimination, plaintiff's continuing violation theory must fail. See Haithcock, 958 F.2d at 677-78 (to establish continuing violation theory plaintiff must show either present discriminatory activity giving rise to a claim of continuing violation and longstanding and demonstrable policy of discrimination).
 
 III.
 
 16
 For all of the reasons stated, the district court's judgment in favor of defendant is AFFIRMED.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Plaintiff worked under the supervision of McClister in the HUD Loan Management and Property Division Branch. He was directly responsible for hiring four individuals, whose ages were 23, 25, 27, and 61
 
 
 [2]
 Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)
 
 
 [3]
 Plaintiff urges the court to reject the "pretext-plus" evidentiary requirement that some courts impose on plaintiffs in age discrimination cases. See, e.g., White v. Vathally, 732 F.2d 1037, 1042-43 (1st Cir.), cert. denied, 469 U.S. 933 (1984). Under this requirement, in addition to proving that employer's proffered reasons were pretextual, the plaintiff must also prove that illegal discrimination was a determining factor in the employer's decision. Plaintiff's suggestion must be rejected in light of the recent case of St. Mary's Honor Ctr. v. Hicks, 61 U.S.L.W. 4782 (June 25, 1993) (Title VII; race discrimination). In Hicks, the Court held that even if the employee proves pretext, she must also prove that the employer intentionally discriminated against her