USCA1 Opinion

 

 April 12, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2102 RODOLFO A. VARGAS, Plaintiff, Appellant, v. LOUISE DURFEE, IN HER OFFICIAL CAPACITY, AS DIRECTOR OF THE RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Rodolfo A. Vargas on brief pro se. _________________ Michael K. Marran on brief for appellee. _________________ ____________________ ____________________ Per Curiam. Appellant Rodolfo A. Vargas appeals the ___________ final judgment entered by the United States District Court for the District of Rhode Island in favor of appellee, Louise Durfee, Director of the Rhode Island Department of Environmental Management [DEM]. Vargas alleged that, while employed at the DEM, he had been subject to racial harassment and had been terminated because of his national origin, both in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 20002 et seq. Judgment was entered for Durfee after __ ___ a three day bench trial. We affirm. Only one issue raised by Vargas merits extended comment. Vargas asserts that the district court erred when it denied his request for a jury trial. Vargas claims that he had a right to a jury trial because, in addition to equitable relief, his complaint sought compensatory relief for emotional distress, embarrassment and humiliation. Since the conduct alleged in this action occurred before November 21, 1991, it is not affected by the 1991 Civil Rights Act which grants a Title VII plaintiff the right to a jury trial and the right to seek compensatory damages. Landgraf v. USI Film Prods., 114 S.Ct. 1483, 1505-08 (1994) ________ _______________ (jury trial and compensatory damage provisions do not apply to conduct occurring before November 21, 1991). While the Supreme Court has never decided whether a petitioner seeking back pay is entitled to a jury trial under Title VII for acts occurring before November 21, 1991, see id. at 1490 n.4, in ___ __ this circuit, "'it is well established that Title VII [prior to the 1991 amendment], being essentially equitable in nature, does not carry with it the right to trial by jury,'" even when the plaintiff seeks back pay. Ramos v. Roche _____ _____ Products, Inc., 936 F.2d 43, 49-50 (1st Cir.), cert. denied, _____________ ____ ______ 502 U.S. 941 (1991) (quoting Olin v. Prudential Ins. Co., 798 ____ __________________ F.2d 1, 7 (1st Cir. 1986)). Furthermore, since the acts of which Vargas complains allegedly occurred before the enactment of the Civil Rights Act of 1991, he was not entitled to seek compensatory relief. See Landgraf, 114 ___ ________ S.Ct. at 1490 ("Before the enactment of the 1991 Act, Title VII afforded only 'equitable' remedies."); Phetosomphone v. _____________ Allison Reed Group, Inc., 984 F.2d 4, 7 (1st Cir. 1993) _________________________ (compensatory damages were not available under Title VII before passage of 1991 Civil Rights Act). Vargas' other claims require only brief responses. We find no error in the determination by the district court that Vargas failed to meet his burden of showing by a preponderance of the evidence that the defendant discriminated against him on the basis of his race. White v. _____ Vathally, 732 F.2d 1037, 1040 (1st Cir.), cert. denied, 469 ________ ____ ______ U.S. 933 (1984). The court considered the various bases of discrimination alleged by Vargas. In each case, the court found that Vargas had failed to establish an element -3- essential to his claim. We have reviewed the record with care and find no clear error in any of the factual determinations made by the district court. Even if Vargas were correct in his allegation that the Rhode Island Commission for Human Rights violated state law in its investigation of his claim, Vargas neither raised this issue before the district court, see Johnston v. Holiday ___ ________ _______ Inns, Inc., 595 F.2d 890, 894 (1st Cir. 1979) (claims not _________ raised below cannot be raised for the first time on appeal), nor has he shown on appeal that any violation by the Commission for Human Rights prejudiced his action in federal court. Finally, since no final judgment has entered requiring Vargas to pay attorneys' fees, this issue is not yet properly before this court. Affirmed. ________ -4-