**Sonia M. FLORES CRUZ, Plaintiff,**

v.

**AVON PRODUCTS, INC., Defendant.**

**Civ. No. 86–1672 (JP).**

United States District Court,
D. Puerto Rico.

June 11, 1987.

José L. Rivero, Moreda & Moreda, San Juan, P.R., for plaintiff.

Francisco M. Troncoso, Troncoso & Fuentes Agostini, San Juan, P.R., for defendant.

OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendant's Motion to Dismiss plaintiff's state claims, and its Memorandum of Law in support. The motion is unopposed. By way of background, this is a cause of action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA), in which the plaintiff, a 48 year-old-woman who was a Zone Product Manager for Avon Products, Inc., alleges she was fired and replaced by a 31–year-old woman. She attaches as a pendent claim a cause of action under Law 100 of June 30, 1959, as amended, 29 L.P. R.A. § 146, the Puerto Rico Anti-Discrimination Act, for pain and mental suffering

resulting from the alleged illegal termination.

Defendant's basis for its motion is two-fold: First, damages for physical pain, mental suffering and punitive damages are not recoverable under the ADEA. Second, the burden of proof under both statutes are inconsistent and the jury would be unduly confused in applying the differing standards.

In response to defendant's motion to dismiss the pendent claim, plaintiff filed a motion to amend the complaint to allege diversity jurisdiction as an alternate jurisdictional basis on the Law 100 claim. The Court granted the motion and allowed the plaintiff to amend the complaint. That does not mean, however, that the Court automatically accepts as a jurisdictional basis of the Law 100 claim diversity jurisdiction. There must be complete diversity of citizenship under 28 U.S.C. § 1332(c).

■ For purposes of diversity jurisdiction, a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c). Thus, the plaintiff must allege both the state of incorporation and the state of the principal place of business for a corporate defendant. *Casio Inc. v. S.M. & R. Co., Inc.,* 755 F.2d 528 (7th Cir.1987); *see also* Form 2, Forms Appendix of Federal Rules of Civil Procedure; Note of Advisory Committee on the 1961 Amendment to Form 2. "If the plaintiff fails to allege these things, the complaint should be dismissed." *Casio, Inc.,* 755 F.2d at 530.

■ Plaintiff's amended complaint only alleges the state of incorporation of the defendant, New York, and does not allege its principal place of business. While, of course dismissal would be inappropriate, the amended complaint does not invoke our diversity jurisdiction, and is therefore defective.

## DISCUSSION

■ A federal court that has properly assumed subject matter jurisdiction of a federal claim may in its discretion assume jurisdiction of a pendent state claim that arises from a "common nucleous of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Considerations in exercising that discretion are judicial economy, convenience and fairness to the litigants. *Id.* at 725, 86 S.Ct. at 1138. A countervailing consideration suggesting the Court should deny jurisdiction is the likelihood of jury confusion in treating differing legal theories. *Id.* at 727, 86 S.Ct. at 1139.

In *Wildman v. Lerner Stores Corp.,* 771 F.2d 605 (1st Cir.1985), the First Circuit upheld this Court's trying the ADEA and Puerto Rico claims together. The Court noted that we properly and carefully explained the differing burdens of proof between the federal and state laws, and that it was not an abuse of discretion to try both claims together. *Wildman,* 771 F.2d at 609.

As we have previously noted, the burdens under the statutes are different. *See Wildman v. Lerner Stores Corp.,* 582 F.Supp. 80, 86 (D.C.P.R.1984). Under the ADEA, the plaintiff's burden to prove a prima facie case is established where he shows:

> (1) he is within the protected age group, that is, 40 to 65 years; (2) he was demoted or discharged; (3) he was replaced by a younger person or persons outside the protected age group; and (4) he was qualified to do the job.

*Loeb v. Textron, Inc.,* 600 F.2d 1003, 1008 (1st Cir.1979). *See also, Dea v. Look,* 810 F.2d 12, 14 n. 1 (1st Cir.1987). Once the plaintiff has established a prima facie case, the defendant has the burden to articulate a valid reason for the discharge, which is a burden of persuasion, not a burden of production. If the employer satisfies this burden, the plaintiff has the burden to show that defendant's reason for the discharge is a pretext for what in fact was a discriminatory purpose. *Loeb,* 600 F.2d at 1012. The burden of persuasion is always with the plaintiff.

In contrast, under Law 100, the plaintiff enjoys a statutory presumption that he was discharged "without good cause." 29 L.P.

R.A. § 148. The effect of this presumption is to shift to the defendant the burden of not only *"producing* the evidence, but also of *persuading* the trier." *Ibanez v. Molinos de P.R., Inc.,* 83 J.T.S. 30 (1983) (underline in original) (english translation). We said in *Wildman* that the difference between the ADEA and the local law is that under the local law the "defendant's burden is of a greater caliber of proof," 582 F.Supp. at 86. The First Circuit noted that "if the jury found a violation of the ADEA, violations of the Puerto Rico statutes would necessarily follow." *Wildman,* 771 F.2d at 609. There, under the ADEA, the plaintiff has the burden of persuasion, but under Law 100, the defendant has that burden.

■ Though it is in our discretion to exercise pendent jurisdiction over the Law 100 claim, we decline. Upon conclusion of the *Wildman* litigation, in retrospect, this Court agrees that there is a strong likelihood of jury confusion regarding the differing burdens. We find persuasive the reasoning of Judge Carmen C. Cerezo in her August 17, 1983, order in the case of *Enrique Marin Martin v. American Airlines, Inc.,* No. 83–0382(CC), in which she declined to exercise pendent jurisdiction of the Law 100 claim in a similar situation. In addition to the strong likelihood of jury confusion, the Court said the exercise of pendent jurisdiction would allow the plaintiff to rest on the better of two burdens and attempt to prove only the state claim and receive broader remedies than allowable under the federal law. To avoid this inequity, the defendant has to assume the heavier burden from the beginning, to rebut the presumption of discrimination and under *Board of Trustees v. Sweeny,* 439 U.S. 24, (1978), the employer may not be required to prove the absence of a discriminatory motive to defend an ADEA claim.

Furthermore, the local statute provides for compensatory damages for pain and mental suffering, while the ADEA does not. *Vazquez v. Eastern Airlines, Inc.,* 579 F.2d 107 (1st Cir.1978); *Odriozola v. Superior Cosmetics Corp.,* June 28, 1985, Supreme Court of Puerto Rico. The plaintiff could enjoy the benefit of this remedy, which is not intended by the ADEA, without satisfying its burden of proof under it; furthermore, its presentation of evidence of pain and suffering would unduly influence a jury.

For the foregoing reasons, the Court declines to exercise pendent jurisdiction over the Law 100 claim. Accordingly, the Motion to Dismiss that claim is GRANTED, and the claim under Law 100 is DISMISSED, without prejudice of plaintiff filing the claim in the local courts of Puerto Rico.

The Clerk shall enter partial judgment accordingly.

IT IS SO ORDERED.