**Allen P. DEA, Plaintiff, Appellant,**

v.

**Christopher S. LOOK, Jr., et al., Defendants, Appellees.**

**No. 86–1751.**

United States Court of Appeals, First Circuit.

Argued Dec. 1, 1986.

Decided Jan. 28, 1987.

Robert A. Penney, Boston, Mass., for plaintiff, appellant.

Michael C. Gilman with whom Holtz and Gilman, P.C., Boston, Mass., was on brief for defendants, appellees.

Before CAMPBELL, Chief Judge, and COFFIN and SELYA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Allen Dea, plaintiff below, appeals from the district court's granting of summary judgment in favor of defendants. A former employee of the Martha's Vineyard Airport, Dea brought this action against the airport owners and operators, namely, Dukes County, Massachusetts; the county airport commission; past and present members of both entities; a former manager of the airport; and the treasurer of Dukes County. Dea alleged, inter alia, that he was fired because of his age, in violation of 29 U.S.C. §§ 621 *et seq.* (1982); that he was fired without due process of law, in violation of 42 U.S.C. § 1983 (1982); that defendants conspired to deprive him of due process; and that his discharge gave rise to various state law causes of action.

After the parties had conducted extensive discovery, the district court granted defendants' motion for summary judgment on the age discrimination claim, concluding that Dea had presented no evidence to rebut the defendants' explanation for the discharge. The court also granted summary judgment on the section 1983 claim. Having disposed of the federal claims, the district court declined to accept pendent jurisdiction over the state law claims and dismissed the remainder of the complaint. Dea now appeals from the summary judgment on the two federal claims. We affirm.

The material facts taken most favorably to Dea are as follows: Dea was employed

**14**

as a maintenance supervisor at the Martha's Vineyard Airport. He was hired in October 1978 at the age of 53. Dea supervised four employees, Francis Bernard, Ray Phillips, Spencer Hilton and Kenneth Taylor. Occasionally, as part of their duties, Dea and his men would test the fuel in the aviation fuel trucks used by the aircraft at the airport. The fuel would be tested by drawing off a sample and visually checking for impurities. The sample was called "contaminated fuel," whether or not it actually was contaminated. The fuel samples were disposed of by placing them into large drums. According to Dea, a former airport manager told Dea and his men that they could use the discarded samples for other uses, and they began using the fuel in their personal vehicles.

In August 1980 it was discovered that approximately 9,000 gallons of aviation fuel, as well as some cash belonging to the airport could not be accounted for. An investigation was conducted by the Massachusetts State Police, during which Dea and his men stated that they were using the gasoline samples in their own vehicles, but that they thought they had permission to do so. According to Dea, one of the employees, Kenneth Taylor, also admitted using both the contaminated gasoline, and also "good" gasoline in his car. After the investigation, it was determined that it was impossible to know exactly how much gasoline was being used for proper purposes, and how much was improperly diverted because of the lack of adequate accounting and inventory controls.

Following the investigation, Dea and his men were suspended. On January 18, 1983 an administrative hearing was held by the airport commission, at which Dea was present and took part. Afterwards the airport commission terminated Dea and several of the men he supervised. Taylor, however, was not terminated, but rather was reinstated with back pay.

## I. AGE DISCRIMINATION

The district court determined that Dea had made out a prima facie case of age discrimination by his showing that Taylor, who was age 32, was not fired, while the employees who were fired were all over 40 years of age.[1] Under this court's decision in *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir.1979), the district court concluded that defendants thus had a burden of production to articulate a valid reason for the firing so as to meet appellant's prima facie case of age discrimination. *Id.* at 1011. Defendants produced the affidavit of John S. Alley, Chairman of the Martha's Vineyard Airport Commission, stating that Dea had been fired because of his use of the aviation fuel, his improper instructions to those he supervised, and his withholding of information from the airport manager. Alley's affidavit explained that Taylor, the younger employee, was not fired because the commission had determined that Taylor took the fuel on only one occasion, left a note for the amount taken, and eventually made restitution for the amount taken.

Defendants having articulated a plausible, nondiscriminatory reason for treating Dea differently from the younger employee, the district court believed that Dea had the burden of showing that this reason was pretextual. The court concluded that Dea had offered nothing to show that defendants' reason was a pretext for age discrimination. Rather, Dea's own deposition confirmed that his firing arose from the gasoline dispute. In the deposition, Dea stated that he was terminated in an attempt to shift the blame for the airport gasoline scandal from management to the employees. When repeatedly pressed for further reasons for his firing, Dea said he knew of no other reasons, except perhaps the fact

---

**1.** The prima facie case of age discrimination, as adapted from the race discrimination cases, see *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), is established where the plaintiff shows: (1) he is within the protected age group, that is, 40 to 65 years; (2) he was demoted or discharged; (3) he was replaced by a younger person or persons outside the protected age group; and (4) he was qualified to do the job. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1008 (1st Cir.1979).

that there had been talk of unionizing at the airport. When further pressed, Dea said there were no other reasons for his firing. To be sure, Dea and defendants disagreed as to who was at fault for the misappropriation of the gasoline. But even if Dea convinced a jury that he was fired to protect higher-ups from blame in the gasoline scandal, this would not show age discrimination. It would merely provide another reason, totally unrelated to age, for his discharge.

Dea contends that summary judgment was improper because he would present evidence to show that the "contaminated" gasoline that Dea used was worthless "trash" and that a jury would never believe that "an individual could lose his job for taking trash." However, as we pointed out in *Gray v. New England Telephone & Telegraph Co.*, 792 F.2d 251, 255 (1st Cir. 1986), evidence contesting the factual underpinnings of the reason for the discharge proffered by the employer is insufficient, without more, to present a jury question. Plaintiff continues to carry the burden of showing discriminatory intent, and the relevant question is whether the given reason was a pretext for discrimination:

> It is not enough for the plaintiff to show that the employer made an unwise business decision, or an unnecessary personnel move. Nor is it enough to show that the employer acted arbitrarily or with ill will. These facts, even if demonstrated, do not necessarily show that *age* was a motivating factor.

*Id.* (emphasis in original). Dea cannot meet his burden of proving "pretext" simply by refuting or questioning the defendants' articulated reason. *White v. Vathally*, 732 F.2d 1037, 1042 (1st Cir.), *cert. denied*, 469 U.S. 933, 105 S.Ct. 331, 83 L.Ed.2d 267 (1984).

> Merely casting doubt on the employer's articulated reason does not suffice to meet the plaintiff's burden of demonstrating discriminatory intent, for "[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons" in the first place. To hold otherwise would impose on the defendant an almost impossible burden of proving "absence of discriminatory motive."

*Id.* at 1043 (quoting *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981)). Here, after extensive discovery, at best all that appellant could present was evidence casting doubt on the correctness of the employer's proffered reason for the discharge. This was insufficient to prove pretext or discriminatory intent.

■ Dea asserts that—in the procedural posture of a motion for summary judgment—the court impermissibly weighed the evidence and judged the credibility of witnesses, when it decided that the affidavit of Alley met the defendants' burden of production, thus shifting the ultimate burden of proof back to appellant. However, as we held in *Loeb*, once a plaintiff has made out a prima facie case of age discrimination, the burden that shifts to defendants is one of production only: it is not a burden of proof.

> We think it now clear that *McDonnell Douglas* leaves the burden of persuasion at all times with the plaintiff, and that the employer's burden to "articulate" a legitimate, nondiscriminatory reason is not a burden to persuade the trier that he was in fact motivated by that reason and not by a discriminatory one. Rather it is a burden of production—i.e., a burden to articulate or state a valid reason, following which the complainant must show that the reason so articulated or stated is a mere pretext or "cover-up" for what was in truth a discriminatory purpose.

*Loeb*, 600 F.2d at 1011–12. Thus it is clear that merely making out a prima facie case does not automatically save appellant from a summary judgment motion. "Indeed, the inference of discrimination created by the prima facie case is dispelled once the em-

ployer's reason is stated, until and unless the latter is shown to be a pretext." *Id.* at 1015.[2]

■ Whether defendants have met their burden of production by articulating a sufficient reason is for the court, not a jury to decide. "In the unlikely event that there is a dispute over whether the employer has met his burden of production, it will be for the judge to decide whether defendant has stated a legitimate reason with such specificity as to require plaintiff to prove it to be a pretext." *Id.* at 1016 n. 16.

■ Here, the district court correctly determined that defendants had articulated a legitimate reason; and once this was established, it became clear that there was no genuine issue as to the material fact that Dea was not discharged because of age discrimination. *See Matsushita Electric Industries Co. v. Zenith Radio Corp.,* — U.S. —, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986) (to survive motion for summary judgment appellant must establish that there is a genuine issue of material fact); Fed.R.Civ.P. 56(e). When faced with indicating what he would prove to show that the defendants' explanation was a mere pretext, Dea merely indicated that the reason for his firing was his own version of the controversy over the missing gasoline. While he differed with defendants over who was to blame, as discussed *supra*, this difference was insufficient to prove that defendants' reason was a pretext for age discrimination. We hold that the district court did not err in granting summary judgment on the age discrimination claim.

## II.   DUE   PROCESS—SECTION   1983 CLAIM

Dea's due process claim is unusual. He received an administrative hearing prior to discharge, and he does not now argue that the hearing he received was in some specific way procedurally deficient. Rather, implying that he was somehow coerced to attend the hearing, he labels it as without statutory purpose and as producing "nothing with regard to plaintiff not already known to the defendants." His theory seems to be that the public hearing was contrived by defendants as a publicity stunt to shift the blame for the missing gasoline from themselves to Dea and others. This, he suggests, violates substantive and procedural due process. We find no merit in this argument.

■ The district court, after holding that plaintiff, being an untenured employee under Massachusetts law, lacked a property or liberty interest in continued employment[3] stated,

> plaintiff does not specify in what way the hearing deprived him of any constitutional right. Indeed, he was allowed to attend a hearing to which he was not entitled, and received written notification of the charges. He was allowed to participate, was represented by counsel and given every opportunity to present his version.... There is no evidence alleged to support the simple assertion that he was "coerced" into the hearing.

■ Although the hearing in question was not required as to Dea—he having been employed by the county for less than five years and consequently untenured,

---

**2.** This does not mean that a plaintiff can never prevail in an age discrimination case based upon the prima facie case alone. As we pointed out in *Loeb,* if the defendant does not state a sufficient reason for the discharge, so as to meet his burden of production, the plaintiff need only prove the elements of the prima facie case in order to prevail. *Loeb,* 600 F.2d at 1018 n. 20.

**3.** The district court was clearly right that Dea lacked a liberty or property interest in his position with the airport. To show such an interest, an individual must establish that his expectation of continued employment is supported by a

state law or regulation, or is based upon a *mutually* explicit understanding with the employer. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 599, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570 (1972); *Bleeker v. Dukakis,* 665 F.2d 401 (1st Cir.1981). Here, as Dea had been employed by the county airport for less than five years, he lacked tenure under state law. Mass.Gen.Laws ch. 35, § 51 (1985). Dea does not argue on appeal that there was a mutually explicit expectation of continued employment between himself and his employer.

Mass.Gen.Laws ch. 35, § 51 (1985)—it appears that it was required for two other employees who had worked for the airport for more than five years. Tenured employees may not be discharged except for just cause. *Id.* They are entitled to written notice of specific charges, an administrative hearing, and a written decision. *Id.* In the present situation, apparently because a hearing was going to be held for the tenured men, Dea was allowed to participate. Like the district court, we can see no federal violation in what took place.

This is not a situation where a federal court is being asked to fashion procedural safeguards to protect parties to an accusatory public hearing being used to publicize findings of criminal violations *See Freeman and Bass, P.A. v. State of New Jersey Commission of Investigation*, 486 F.2d 176, 177–78 (3d Cir.1973). Nor is this a case where a commission has made public findings of guilt on criminal charges after greatly restricting a party's right to cross-examine and present evidence in his own behalf. *Jenkins v. McKeithen*, 395 U.S. 411, 428–29, 89 S.Ct. 1843, 1852, 23 L.Ed.2d 404 (1969). Dea has pointed to no specific flaws in the hearing procedures that can be said to have violated due process. As to his being coerced to attend, Dea stated in his own deposition that he felt he had a right to such a hearing and *wanted* to attend. Although represented by counsel at the hearing, he at no time requested that the hearing be closed to the public. As he had received advance notice of the hearing, he could have stayed away or at least appeared under protest had he wished to do so. That decision, to be sure, might have weighed against the prospects for keeping his job, but the Constitution provides no escapes from such a dilemma.

We have held that where a government agency's actions, such as dismissal, involve charges threatening a person's reputation, due process may, in appropriate circumstances, require a "name-clearing administrative hearing." *Limerick v. Greenwald*, 666 F.2d 733, 734–35 (1st Cir.1981); *Beitzell v. Jeffrey*, 643 F.2d 870, 879 (1st Cir. 1981). Dea makes no explicit claim in this appeal for the right to such a hearing, nor does he base his section 1983 claim on the denial of such a hearing. It seems likely, in any event, although we do not decide, that the administrative hearing in which Dea participated met the standard of such a "nameclearing administrative hearing." Dea was represented by counsel and was given ample opportunity to present his side of the story. *Compare Beitzell*, 643 F.2d at 879 (administrative hearing, conducted by grievance committee wherein appellant was represented by counsel and had opportunity to present witnesses and to cross-examine, satisfied due process requirements).

We find no error in the district court's granting of summary judgment in favor of defendants since, taking the evidence most favorably to appellant, he did not demonstrate a constitutional violation.

*Affirmed.*