Felix AGUAYO, and the conjugal part-
nership composed of plaintiff's mar-
riage with Aida Esther Diaz, Plaintiffs,

v.

R.J. REYNOLDS TOBACCO
COMPANY, (Puerto Rico),
Defendant.

Civ. No. 86–1236 (JP).

United States District Court,
D. Puerto Rico.

Aug. 17, 1987.

Harvey Nachman, Santurce, P.R., for
plaintiff.

Lidia González, Rossell Barrios Amy,
McConnell, Valdés Kelley Sifre Griggs &
Ruiz Suria, San Juan, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

This is an action under the Age Discrimi-
nation in Employment Act, 29 U.S.C. § 626,

*et seq.* (ADEA) and Law 100 of June 30, 1959, 29 L.P.R.A. § 146 *et seq.*, in which plaintiff claims he was dismissed from his position as Director of Sales with the defendant because of his age. The defendant claims plaintiff was fired because he did not comply with a business decision which resulted in a pecuniary loss to the company.

The matter is before the Court on defendant R.J. Reynolds Tobacco Company's (RJR) Motion for Summary Judgment and plaintiff's opposition. The following appear as stipulated or uncontested material facts.

Plaintiff Félix Aguayo was hired effective December 1, 1981, as Director of Sales, at age 42, passed a three month probationary period, worked for five years as the Director, and was fired in 1985, at age 47. On December 20, 1985, plaintiff was advised by letter to find alternate employment. The letter followed up a conversation between plaintiff and RJR. Effective March 31, 1986, plaintiff was severed from employment, and was given $1,000.00 in outplacement. At the time of his discharge, plaintiff was earning $68,000.00 plus fringe benefits. He has a college degree from the University of Florida. Prior to his employment with RJR, he had worked for Sears Roebuck & Co. of Puerto Rico for nineteen years. At Sears, he held various high level managerial positions, including Personnel Manager and Manager of the Sears Store located in Bayamón, Puerto Rico.

Plaintiff's successor was 34 years of age at the time he replaced plaintiff, earning a starting salary as Director of Sales of $50,-000.00 plus fringe benefits. His successor was hired from within RJR, who previously served as Personnel Manager for one year and two years of Manager of Sales Planning before being named as Regional Sales Manager.

Throughout his employment with RJR, plaintiff reported directly to the General Manager and Vice President, Mr. Clyde W. Fitzgerald. Periodic evaluations indicated his performance was satisfactory. As Director of Sales, the plaintiff was required to meet monthly, quarterly and annual sales quotas. Revisions of those quotas were made during the year from time to time.

## I. *The Standard for Summary Judgment*

Summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A factual dispute is material if it "affects the outcome of the litigation," and genuine if manifested by "substantial" evidence "going beyond the allegations of the complaint." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). In passing on a summary judgment motion, the Court must view the record and draw inferences in the light most favorable to the opposing party. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458, 464 (1962). Summary judgment is a proper procedural tool that may "secure the just, speedy and inexpensive determination" of a case where, in consideration of the substantive law, there is no issue as to the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). With these principles in mind, we now examine defendant's motion and plaintiff's opposition.

## II. *The ADEA Claim*

To establish a prima facie cause of action for age discrimination under the ADEA, the plaintiff must prove that he was in the protected age group, that is, age 40–70, that he was performing his job at a level that met his employer's legitimate expectations, that he nevertheless was fired, and that his employer sought someone to perform the same work after he left. *Loeb v. Textron*, 600 F.2d 1003, 1014 (1st Cir.1979). Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a plausible, non-discriminatory explanation for the discharge. If the defendant sustains his burden, the

burden shifts back to the plaintiff to show that the proffered reason is merely a pretext for discrimination. *Id.*

This Court finds that plaintiff has established a prima facie case of age discrimination. He was 47 years of age at the time he was fired, and his job evaluations indicate that his boss was happy with his work. Furthermore, RJR hired a replacement as Director of Sales from within the company shortly after plaintiff's discharge. We note that the defendant does not refute these facts.

The defendant does contend that it has satisfied its burden to articulate a legitimate, non-discriminatory reason for firing plaintiff, and its only evidence in support is plaintiff's deposition. Defendant argues that plaintiff concedes that he made a poor managerial decision that was contrary to a business decision reached at a strategy meeting between plaintiff, his boss Mr. Fitzgerald, and a Mr. Cabrera, apparently a managerial employee. Furthermore, he admits that his managerial decision is the only reason for his dismissal. At that meeting, held in the middle of November of 1985, the three decided to revise the November monthly sales quota, because sales were too high; its purchasers would not be able to make sufficient purchases for December. However, plaintiff did not follow that decision, and allowed the November sales to exceed that agreed upon quota. His stated reason was that in reducing the November monthly quota, he would not meet the annual quota, which was set before the November meeting. His deposition testimony is as follows:

*Page(s) 20–22:*

Q. Mr. Aguayo, why did you file this complaint?

A. I filed this complaint basically because I feel that the company was unfair.

Q. Why?

A. Because I gave the company what I understood to be what the company paid me for. I think I was dismissed basically because I tainted my boss's armor.

... /

Q. But what do you mean by "tainted his armor"?

A. In other words he had the shiing (sic) armor, he has an outstanding career, and I made a decision, a management decision which in paper might have looked bad, but in results it was what I was being paid for.

Q. You have mentioned a "poor managerial decision." What do you mean by that? Can you expand on that?

A. Basically, in a meeting Mr. Fitzgerald, Mr. Cabrera, and I met during the last part of, middle part of November because the November sales were not performing as I expected and as the company needed in order to reach our yearly volume as budgeted or as assigned. At that meeting, which I called through Mr. Cabrera, I advised Mr. Fitzgerald oficially (sic) that I didn't think that we were going to make the sale that were budgeted for November. Mr. Fitzgerald at that meeting with Mr. Cabrera and I decided that we would review downwards the sales for the month, but nowhere did he state that the volume for the year was being adjusted.

*Page(s) 23–24:*

Q. Would you please continue to expand on the "poor managerial decision" which you have indicated.

A. I made the decision, the company though (sic) it was a poor managerial decision I still say it was the right decision.

... /

*Page 41:*

Q. What is the managerial decision that the company didn't like?

A. That I allowed the sales to go beyond the numbers that were given for that month.

Throughout his deposition, plaintiff repeatedly answered that the reason for his dismissal was the poor managerial decision he described above. Furthermore, he reported that the only reason he believed he

had to a claim for age discrimination was that he "was discharged because of age because I was replaced by a younger person than myself, ... [w]ithout just cause, because what I was advised I had done incorrectly ..." Deposition at 88–90. Additionally, in his subsequent job search plaintiff told the interviewer for Careers, an executive placement agency, that he was fired because of a difference of opinions with his boss. Deposition at 111–12. As we have noted above, this evidence is sufficient only to present a prima facie case. A prima facie case may indeed be sufficient to establish a valid claim against an employer, where the defendant has not offered a non-discriminatory reason for the discharge. *Loeb v. Textron*, 600 F.2d at 1018 n. 20. However, the plaintiff may not rely on his prima facie case once the defendant has articulated a sufficient non-discriminatory reason for the firing. The defendant has offered a valid reason for firing plaintiff, and his evidence comes solely from the plaintiff's deposition. Once the defendant provides an explanation, the burden shifts back to the plaintiff to show that the proffered reason was only "pretextual", even where the explanation disputes one of the elements of plaintiff's prima facie case. *Loeb*, 600 F.2d at 1014. Defendant's explanation, poor job performance, disputes the third element of the prima facie case, that plaintiff was performing at a job level that met his employer's legitimate explanation.

In *Dea v. Look*, 810 F.2d 12 (1st Cir. 1987), the First Circuit upheld the granting of a summary judgment on an ADEA claim because the plaintiff failed to satisfy his burden of showing that the defendant's reason for the discharge was pretextual. In *Dea*, a 53 year old former airport maintenance supervisor sued the airport owners and operators, alleging age discrimination. Dea supervised four employees, and part of their duties was testing aviation fuel for impurity by drawing samples from fuel trucks. Dea was under the belief that he and his underlings could use contaminated fuel for their personal use. After a state police investigated some 9000 gallons of unaccounted aviation fuel, Dea and his men, including a 32 year old subordinate, were suspended. The airport commission, after holding and administrative hearing, fired Dea and several of his men, except the 32 year old man. The Court determined that Dea had proved a prima facie case of age discrimination by showing that all the men fired were over 40 years of age, except for his 32 year old subordinate.

The airport articulated a plausible non-discriminatory explanation for the discharge through the affidavit of the chairman of the airport commission who stated that Dea was fired because of improper use of the aviation fuel, improper instructions to subordinates, and withholding information from the airport. The younger employee was not terminated because the commission determined that he took fuel only once, left a note, and made restitution. The district court also relied on Dea's deposition in which he stated the only reason for his discharge was the fuel dispute. His own deposition corroborated the airport's proffered reason for the discharge. Dea argued that summary judgment was improper because the jury would be convinced that he could not be fired for taking impure fuel, which was nothing more than "trash." 810 F.2d at 15. The First Circuit affirmed, noting that Dea's deposition confirmed the reason for his dismissal, and holding that to refute or question the quality of the defendant's explanation is not sufficient to prove pretext. *Id.*

■ Similarly, the plaintiff here has done nothing more than Dea did to show that the explanation was a pretext. He only argues that the managerial decision is a "sham." Plaintiff's opposition at 9, 10. Attacking the quality of the defendant's business decision is insufficient to prove pretext. *Dea*, 810 F.2d at 15. Furthermore, he presented no statistical evidence to show that this firing conforms to a pattern of hiring or retaining younger managerial employees. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973) (statistics as to employment policy may be probative as to a discriminatory pattern). His merely "casting doubt" on defendant's explanation

"does not suffice to meet the plaintiff's burden of demonstrating discriminatory intent." *White v. Vathally*, 732 F.2d 1037, 1043 (1st Cir.1984). To hold that plaintiff met his burden would place on the defendant the impermissible burden of showing lack of discriminatory motive. The plaintiff, at all times, has the burden of persuasion. Accordingly, because we find that plaintiff is unable to show that defendant's articulated, non-discriminatory motive for firing plaintiff is but a mere pretext for discriminatory motive, we GRANT defendant's Motion for Summary Judgment, and DISMISS plaintiff's claim under the ADEA.

### III. *The Law 100 Claim*

Having determined that plaintiff's claim under the ADEA fails, we now consider plaintiff's pendent claim under Law 100, 29 L.P.R.A. § 146, *et seq.* Law 100 similarly prohibits employment discrimination on the basis of age. *See Wildman v. Lerner Stores Corp.*, 771 F.2d 605 (1st Cir.1985) (upholding this Court's trying the ADEA and Law 100 claims together.) Under Law 100, the plaintiff enjoys a statutory presumption that he was discharged "without good cause." 29 L.P.R.A. § 148. The effect of this presumption is to shift to the defendant the burden of not only "producing the evidence, but also of persuading the trier." *Ibañez v. Molinos de P.R., Inc.*, 83 JTS 30 (1983) (English translation). We said in *Wildman v. Lerner Stores Corp.*, 582 F.Supp. 80 (D.C.P.R.1984) that in establishing the respective causes of action under the two statutes, the mere difference between the ADEA and Law 100 is that under Law 100 the "defendant's burden is of a greater caliber of proof." 582 F.Supp. at 86. We have already detailed the defendant's proof in the discussion above of the ADEA claims, and need not recount it here again. The plaintiff established a prima facie case and the defendant satisfied its burden of articulating a plausible, non-discriminatory explanation. The existence of a prima facie case under the ADEA is equivalent to the statutory presumption the plaintiff enjoys under the local law. Because the defendant's evidence rebuts the

prima facie case under the ADEA, it also destroys the presumption that plaintiff was discharged without just cause under Law 100. It has therefore satisfied its burden of persuasion and production. *See Ibáñez v. Molinos de P.R., Inc., supra.* Accordingly, his claim under Law 100 also fails.

### IV. *Conclusion*

The Court determines that the defendant has satisfied its burden under both the ADEA and Law 100, and that the plaintiff was unable to sustain his burden under both statutes. Therefore, defendant's Motion for Summary Judgment is GRANTED, and the present case is DISMISSED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.