**Alexander BUTCHKO, Plaintiff,**

v.

**TEXTRON LYCOMING, Defendant.**

**Civ. No. B–90–363–WWE.**

United States District Court,
D. Connecticut.

Aug. 17, 1992.

Dana P. Lonergan, Conte & Lonergan, Bridgeport, Conn., for plaintiff.

Susan K. Krell, Wiggin & Dana, Hartford, Conn., John W. Hamlin, Andrew A. Cohen, New Haven, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EGINTON, District Judge.

Plaintiff, Alexander Butchko, commenced this action against defendant, Textron Lycoming (Textron), claiming his termination was in violation of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 621 et seq. Defendant has moved for summary judgment pursuant to Fed.R.Civ.P. 56, claiming there is no material dispute of fact.

The ADEA provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The statute protects individuals who are forty to seventy years old. 29 U.S.C. § 631(a).

The complaint alleges three bases for discrimination. First, that Textron had a policy of allowing some employees to "bump" other employees, and plaintiff was denied this right. Second, that plaintiff's duties were assumed by a younger individ-

ual. Finally, that a change in plaintiff's job title, which appeared in his personnel file after the reduction in force process began, was made to cover up a discriminatory purpose. Plaintiff offers this job title change as evidence of pretext.

Defendant has successfully rebutted the inference of age discrimination by articulating nondiscriminatory reasons for its actions. The plaintiff has failed to show that the defendant's reasons are a pretext. Therefore, defendant's motion for summary judgment will be granted.

Facts of the Case

Plaintiff Alexander Butchko began his employment with the defendant on February 22, 1982. He was sixty-three years old on the date of his termination, October 20, 1989. Textron asserts that the termination was part of a reduction in force and that age was not a factor.

It is undisputed that there was a work slowdown in Butchko's department. Textron claims that Butchko's duties were taken over by another manager who was forty-five years old at the time. The plaintiff originally disputed this assertion (Pltf.'s Resp. to Def.'s Stmnt. Mat. Facts Not Disp. ¶ 20), but his memorandum, submitted in opposition to the summary judgment motion, makes no mention of that issue. One other person in defendant's work group who was terminated, was thirty-six years old. Defendant claims, and plaintiff does not refute, that there were six managers terminated at that time, three of whom were under forty years of age. The average age of the group increased after the reduction in force. Butchko provides personnel records indicating that his job title was changed either after his termination or at least after the decision-making process for terminations had begun. He alleges that this change in job title is evidence of a cover up to justify discriminatory intent in the terminations.

Standard for Summary Judgment

■ Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In cases brought under the ADEA, the nonmoving party bears the ultimate burden to prove at trial that the defendant discriminated, and the party may defeat summary judgment by producing facts sufficiently specific to establish that there is a genuine issue of material fact for trial. *Montana v. First Federal S. & L. Assoc.*, 869 F.2d 100, 103 (2d Cir.1989). "[I]n ruling on a motion for summary judgment, a court must 'resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion.'" *Id.* (quoting *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985)).

Shifting Burdens Under ADEA

■ Age discrimination cases follow the shifting burdens of proof in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–804, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973) and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The plaintiff has the burden of proving by a preponderance of the evidence the prima facie case of discrimination. If the plaintiff meets this burden, the defendant must articulate some legitimate, nondiscriminatory reason for the employee's rejection. After articulating such a reason, then the plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Pena v. Brattleboro Retreat*, 702 F.2d 322, 324 (2d Cir.1983).

Prima Facie Case

■ To establish a prima facie case of age discrimination, the plaintiff must allege that (1) he is in the group of individuals protected by the statute (forty to seventy years of age); (2) he was qualified for the job he held; (3) he was discharged; and (4) he was replaced by a younger person. *Haskell v. Kaman*, 743 F.2d 113, 119 n. 1 (2d Cir.1984). When there is a reduction in force, the fourth element is altered. The

plaintiff, in that circu___stance, need not allege that there was a younger replacement, but must show that the discharge occurred under circumstances giving rise to an inference of age discrimination. *Montana v. First Federal Savings and Loan Association of Rochester*, 869 F.2d at 104–105. *Mauter v. Hardy*, 825 F.2d 1554, 1557 (11th Cir.1987). "The plaintiff's burden of proof at the prima facie stage is *de minimis.*" *Dister v. Continental Group, Inc.*, 859 F.2d 1108 (2d Cir.1988).

■ Plaintiff Butchko met this *de minimis* requirement to establish a prima facie case of age discrimination. He was terminated at age sixty-three, and he was qualified for the position. Although no one replaced him, due to the reduction in force, his duties were assumed by an individual younger than himself. The plaintiff has therefore raised an inference of age discrimination.

Shifting Burden to the Defendant

■ Textron has successfully rebutted the inference of discrimination by articulating nondiscriminatory reasons for its discharge of Butchko. Defendant is not required to prove that the stated reason for discharging the plaintiff is true, but rather must state a "clear and specific" reason for its conduct. *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir.1985).

Plaintiff has admitted in his deposition that there was a slowdown in work, which supports defendant's assertion that the position was eliminated through a genuine reduction in force.

As to the claim that plaintiff was denied the right to "bump" less senior employees or to interview for other positions, the defendant has offered evidence that bumping was not a policy and occurred only twice in the past. Even if bumping were deemed to be organizational policy, the facts offered by the defendant do not indicate discrimination. Of the employees permitted to interview for vacant positions, one was sixty-eight years old. Both employees who were allowed to "bump" were in their sixties at the time, eliminating any inference of age discrimination. Additionally, this circuit has held that denial of seniority rights, in and of itself, is not sufficient to create an inference of age discrimination. *Ludovicy v. Dunkirk Radiator Corp.*, 922 F.2d 109 (2d Cir.1990) (plaintiff failed to make out a prima facie case of age discrimination based on a claim that his employer had agreed with the union to limit the number of positions for which displaced workers with more seniority could "bump" the present job holder).

The defendant also offered an explanation to rebut the inference raised by plaintiff's second allegation, that his duties were assigned to a younger individual. Textron's rebuttal is that the individual had longer service with the organization, was qualified to perform those duties, and had a higher evaluation than the plaintiff. These articulated reasons are sufficient to rebut the plaintiff's prima facie showing.

Pretext

■ The plaintiff has not fulfilled his responsibility to provide evidence that the defendant's proffered nondiscriminatory reasons are merely a pretext. Plaintiff may satisfy the ultimate burden of proving pretext either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1113 (2d Cir.1988).

■ Butchko has not offered any direct evidence that he was discharged because of his age. Therefore, he must show through indirect evidence that Textron's articulated reasons are unworthy of belief. Here, as indirect evidence of pretext, Butchko offers the change in his job title which appeared in the personnel files after, or shortly before, his termination. He does not provide evidence, or even allege, that the job title change would have made a difference in the termination decision. In *Dister*, a very similar case, the Second Circuit applied the shifting burden test to an ERISA claim. It found Dister had not created a genuine issue of fact by offering evidence of defendants' inconsistent statements as to when

Dister's position was actually eliminated. *Id.* at 1116. The change in Butchko's job title is similarly insufficient. His only other offering of pretext is his subjective belief, expressed at his deposition, that he was discriminated against. "[P]laintiff cannot prove pretext in an age discrimination case 'simply by refuting or questioning the defendants' articulated reason.'" *Id.*, (quoting *Dea v. Look*, 810 F.2d 12, 15 (1st Cir.1987)). This lack of evidence of pretext combined with Butchko's admission that there was less work in his department, and that Textron retained workers who were older than the plaintiff, fails to create a triable issue of fact.

Conclusion

For the foregoing reasons, defendant's motion for summary judgment will be GRANTED.

SO ORDERED.